**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 13 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

---

VICTOR KAGAN,

       Plaintiff - Appellant,

  v.

FRANK BISIGNANO, Commissioner of
Social Security,

       Defendant - Appellee.

No. 24-7023

D.C. No.
4:23-cv-04886-KAW

MEMORANDUM[*]

---

Appeal from the United States District Court
for the Northern District of California
Kandis A. Westmore, Magistrate Judge, Presiding

Submitted February 11, 2026[**]
San Francisco, California

Before: N.R. SMITH, NGUYEN, and SANCHEZ, Circuit Judges.

Claimant Victor Kagan appeals the district court's decision affirming the

Commissioner of Social Security's denial of his application for disability insurance

benefits under Title II of the Social Security Act. We have jurisdiction under 28

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1291. We affirm.

The administrative law judge ("ALJ") did not err in weighing the medical opinions of Kagan's examining psychologists. The new framework, 20 C.F.R. § 404.1520c (a), (c), eliminated the hierarchy of medical opinions that prioritized the views of treating physicians, and instead requires the ALJ to evaluate the persuasiveness of all medical opinions primarily on the basis of supportability and consistency. *See Woods v. Kijakazi*, 32 F.4th 785, 791 (9th Cir. 2022). The ALJ's decision is consistent with the new framework. The ALJ evaluated each medical opinion's persuasiveness based on the extent to which it was supported by objective medical findings and its consistency with the evidence in the record, and the ALJ's conclusions are supported by substantial evidence. *Id.* at 791-92.

The ALJ also did not err in discounting Kagan's testimony. *See Smith v. Kijakazi*, 14 F.4th 1108, 1111-1112 (9th Cir. 2021). The ALJ explained how the evidence conflicted with Kagan's testimony on the intensity, persistence, and limiting effects of his symptoms. This evidence included Kagan's daily life activities, prior inconsistent statements, and objective medical evidence that showed less severe findings. *See Smartt v. Kijakazi*, 53 F.4th 489, 498 (9th Cir. 2022) ("When objective medical evidence in the record is *inconsistent* with the claimant's subjective testimony, the ALJ may indeed weigh it as undercutting such testimony."); *see also Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th

Cir. 2015) ("To assess a claimant's credibility, the ALJ may consider . . . 'ordinary techniques of credibility evaluation,' 'inadequately explained failure to seek treatment or to follow a prescribed course of treatment,' and 'the claimant's daily activities.'" (citation omitted)). Accordingly, the ALJ supported his decision to discount Kagan's subjective testimony with specific, clear, and convincing reasons.

Because the Commissioner's decision is not based on legal error and is supported by substantial evidence, we will not overturn it. *See* 42 U.S.C. § 405(g); *Kitchen v. Kijakazi*, 82 F.4th 732, 738 (9th Cir. 2023).

**AFFIRMED.**